# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2011

Lyle W. Cayce
Clerk

No. 10-20737
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EUGENIO OSORIO-MARROQUIN

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-706-1

Before JONES, Chief Judge, and HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

A jury found Eugenio Osorio-Marroquin (Osorio) guilty of aiding and abetting the possession with intent to distribute 50 grams or more of methamphetamine and importing 50 grams or more of methamphetamine. Osorio argued for a sentence below the recommended range based on his medical condition, age, lack of recent criminal history, and the fact that he was allegedly forced to smuggle methamphetamine into this country by a Mexican gang. Osorio was 60 years old at the time of sentencing and is allegedly suffering from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prostate cancer. The district court denied the motion and sentenced Osorio to a within-guidelines sentence of 235 months in prison.

Osorio argues that he received an unreasonable sentence because his sentence amounts to a life sentence based on the fact that he is 60 years old and has cancer. Because Osorio did not object to the substantive reasonableness of his sentence, review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). We presume that a within-range sentence is reasonable. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

Although physical condition is not usually relevant in determining whether a departure is warranted, "an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range." U.S.S.G. § 5H1.4. Osorio presented no evidence in the district court establishing that he has prostate cancer, and although his physical condition could support a sentence below the guidelines range, he cannot show that it would mandate one under the precedent of this circuit. *See, e.g., United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008) (determining that a below-guidelines sentence was not warranted for a defendant who suffered from sickle cell amenia, Hepatitis C, blackouts, and upper respiratory illness). Likewise, Osorio presents no arguments suggesting that he is sufficiently infirm for his age to have been taken into account. *See* § 5H1.1. The district court listened to Osorio's arguments that he should receive a sentence below the guidelines range but was not persuaded. The district court specifically noted that the evidence of Osorio's guilt was overwhelming and that he had argued for the first time in sentencing that he was coerced into smuggling the drugs by a Mexican gang.

On appeal, Osorio has not presented anything to overcome the presumption that the district court imposed a reasonable sentence. *See Duarte*, 569 F.3d at 529-31. Osorio therefore has failed to demonstrate error, plain or otherwise, as to the reasonableness of his sentence. *See Puckett v. United States,* 129 S. Ct. 1423, 1429 (2009). His sentence is AFFIRMED.